UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID NOSEWICZ,

                              Plaintiff,

      v.                                                    5:03-CV-01166

JOEL N. MELNICOFF,

                              Defendant,

---

APPEARANCES:                                          OF COUNSEL:

CLIFFORD FORSTADT, ESQ.
Attorney for Plaintiff
5788 Widewaters Parkway
DeWitt, N Y 13214

HARRIS & PANELS                              MICHAEL S. HARRIS, ESQ.
Attorneys for Defendant
511 University Building
Syracuse, NY 13202

HOWARD G. MUNSON, SR. J.

ORDER

      It is apparent that the content of the debt collection letter defendant sent to plaintiff on or about September 24, 2002 transgressed § 1692(g) of the Fair Debt Collections Practices Act ("FDCPA"). The transgressions included, not sufficiently advising plaintiff pursuant to §1692g, compelling plaintiff to submit any dispute in writing, not informing plaintiff that any request seeking verification of the debt must be in writing, and by threatening that, "possible Sheriff fees could be added" to the amount claimed due.

      Plaintiff brought a motion for summary judgment pursuant to Rule 56 of the Federal

Rules of Civil Procedure, thereupon notified the court that he would not oppose the motion or otherwise contest his liability for sending the unlawful letter to plaintiff's client.

A consumer who brings a successful FDCPA lawsuit can recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3). Where a plaintiff prevails, whether or not he is entitled to an award of actual or statutory damages, he should be awarded costs and reasonable attorney's fees in relation to the work expended and costs. The amounts to be fixed in the discretion of the court. <u>Pipiles v. Credit Bureau of Lockport, Inc.</u>, 886 F.2d 22, 28 (2d Cir.1989); <u>Emanuel v. American Credit Exchange</u>, 870 F.2d 805, 809 (2d Cir.1989).

Here, plaintiff prevailed when defendant acknowledged his liability, thereby, protecting his rights under the statute, and is entitled to recover $1,000, the maximum amount of individual damages allowed under the statute § 1692k(a)(3), costs and attorneys fees. Therefore, he has prevailed in his lawsuit. Plaintiff's counsel has submitted a detailed statement of attorneys fees seeking payment of $6,675 for 26.7 hours worked at $250 per hour, plus $180 in costs, totaling $6,855.

Defendant maintains that, based on the moderate amount of work undertaken by attorney Forstadt in this matter, his requested fee is too high. There were no dispositions, one pretrial and no pretrial submissions to the court. Additionally, there were no unique issue or issue of extraordinary legal significance in this case. Defendant believes that the proper legal fee in this case should be $1,500.

It is well established that the proper method for determining the amount of a prevailing party's attorney's fee award is the "lodestar" method, in which an initial estimate of fees is

obtained by multiplying the number of hours reasonably expended by counsel on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed.2d 40 (1983); Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir.1999); Luciano v. Olsten Corp., 109 F.3d 111 (2d Cir.1997). Hours that are excessive, redundant, or unnecessary hours are to be excluded from a fees award, and a district court may apply a reasonable percentage reduction as a practical shortcut to do so. Kirsch v. Fleet St., Ltd., 48 F.3d 149, 173 (2d Cir.1998).

The lodestar should be based on "prevailing market rates," Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed.2d 891 (1984), for comparable attorneys of comparable skill and standing in the pertinent legal community. However, the Second Circuit has cautioned that attorney's fees are to be awarded "with an 'eye to moderation', seeking to avoid either the reality or the appearance of awarding 'windfall fees.' " New York State Association for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1139 (2d Cir.1983) (quoting Beazer v. New York City Transit Authority, 558 F.2d 97, 101 (2d Cir.1977) , 558 F.2d 97, 101 (2d Cir.1977); Lee v. Thomas and Thomas, 109 F.3d 302, 306 (6th Cir.1997) "[t]he Congress that passed the Fair Debt Collection Practices Act of 1977 could hardly have wished to reward lawyers for doing nonproductive work and wasting their adversaries' time and the time of the courts as well."

Here, the Plaintiff's attorney has submitted a request for fees indicating roughly 26.7 hours spent in pursuit of the litigation. The Court considers that amount of time to be unreasonable. Having presided over this case from beginning to end, the court is well aware that this was a fairly simple case. The case involved a single, mundane legal issue--whether

the letter defendant admittedly sent to plaintiff on or about September 24, 2002, complied with the specific statutory requirements of the FDCPA. In light of the simplicity of this case the court finds that the actual hours that plaintiff's counsel allegedly spent on this case were excessive, and must be reduced before the lodestar figure can be properly calculated.

For example, the court notices that attorney Forstadt has significant expertise in representing FDCPA plaintiffs and has lectured to attorneys and collection professionals for the National Business Institute on complying with the requirements of the FDCPA. (Attorney's Fee Application p. 2)   As a result, the court is puzzled as to why an attorney with Mr. Norstadt's knowledge and experience took 13.9 hours to research and produce and review a 2 1/2 page complaint which raised no novel or unusual issues, a one page statement of material facts and a short brief. Because an attorney of Mr. Norstadt's expertise and experience could have produced these documents inconsiderably less time, the court finds that only 5.9 of these hours were reasonable expended. The court further notes that, despite Mr. Forstadt's extensive background and pre-action research, no complex factual or legal issues were raised, see *e.g.* Saviano v. Computer Credit, Inc., 990 F. Supp 159, 170 (S.D.N.Y. 1998) (where the issue raised by the plaintiff was found to be "unremarkable").

 Based on this estimate, the Court finds that the lodestar calculation should reflect an across-the-board reduction of the reasonable hours expended on this case to a total of 18.7 hours.

When the district court is presented with a fee application for representation in that court, the relevant community for calculation of the hourly rate component of the lodestar is usually the forum district.    Luciano v. The Olsten Corp., 109 F.3d 111, 115 (2d Cir.1997);

4

"We and other circuits have strayed from this rule only in the rare case where the 'special expertise' of non-local counsel was essential to the case, [or] it was clearly shown that local counsel was unwilling to take the case, or other special circumstances existed." Polk v. New York State Department of Correctional Services, 722 F.2d 23, 25 (2d Cir.1983).

The present structure was established in March 1999 and increased a rate structure that had been in effect since 1988. TM Park Ave. Associates v. Pataki, 44 F. Supp.2d 158, 166-67 (N.D.N.Y.1999), vacated on other grounds, 214 F.3d 344 (2d Cir.2000). Six years have now passed since that structure was found to prevail in the Northern District and the passage of that period of time and the effects of inflation are causes for reconsideration of the rate structure. Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 2005 WL 670307 at *5 (N.D.N.Y. March 22, 2005).

Therefore, given the passage of time since the present rate structure was found to be the prevailing rates, the information contained in plaintiff's attorney's supporting affidavit, the prevailing rates in neighboring districts, and the Court's familiarity with the rates charged in the Northern District, the rate structure previously found to prevail in the Northern District is no longer appropriate. Rather, what appears appropriate here are maximum hourly rates of $210 for experienced attorneys, $150 for associates with more than four years experience, $120 for associates with less than four years experience, $80 for paralegals, and one-half of these rates for time expended for travel. This rate structure represents an increase of approximately 20% over that previously found and reasonably represents the maximum rate structure existing in this district at the time plaintiffs' attorneys' fees were incurred.  Id. at *6.

Applying these rates here for the proceedings in the instant case, attorney Fotstadt is

5

entitled to the maximum hourly rate of $210 given his years of FDCPA experience and demonstrated professional abilities, totaling $3,927. Even though "[a] strong presumption that the lodestar figure ... represents a 'reasonable' fee," Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S. Ct. 3088, 3098, 92 L. Ed.2d 439 (1986), and the district court may still adjust the lodestar figure upward or downward, Hensley v. Eckerhart, 461 U.S. 424, 434 & n.9 , 103 S. Ct. 1933, 1940 & n. 9, 76 L. Ed.2d 40 (1983), the court does not find that this case presented complex legal issues so as to possibly justify the use of a higher rate.

Accordingly, plaintiff's motion for summary judgment is **GRANTED,** and it is ordered that the defendant pay the plaintiff $1,000 in statutory damages pursuant to 15 U.S.C. §1693m(2)(A), and the court hereby awards plaintiff total costs of $180 and attorneys fees in the amount $3,927.

**IT IS SO ORDERED**

Dated: October 26, 2005
Syracuse, New York

_____
Howard G. Munson
Senior U.S. District Judge